UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIL' MAN IN THE BOAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUK TA SHAA DISCOVERY, LLC, <br><br> Defendant. | CASE NO. C16-1943JLR <br><br> ORDER TO SHOW CAUSE REGARDING AMOUNT IN CONTROVERSY |

## I. INTRODUCTION

The court has reviewed Plaintiff Lil' Man in the Boat, Inc.'s ("Lil' Man") complaint (Compl. (Dkt. # 1)) and is concerned that the jurisdictional amount in controversy is not met. The court thus orders Lil' Man to show cause within 10 days of the date of this order why the court should not dismiss this case for lack of subject matter jurisdiction.

//

//

ORDER- 1

## II. BACKGROUND

This is a contract dispute about a vessel called the Queen of Seattle. (*Id.* at 20.) Lil' Man alleges that Defendant Auk Ta Shaa, LLC ("Auk Ta Shaa") breached a contract to sell the boat and brings an action to enforce that alleged contract.[1] (*Id.* at 29.) Lil' Man makes three allegations regarding the amount in controversy. First, Lil' Man alleges that the "amount in controversy exceeds $75,000.00." (*Id.* at 2.) Additionally, Lil' Man seeks a declaratory judgment regarding the duty to transfer title to the boat. (*Id.* at 29.) In the alternative, Lil' Man seeks $1,000,000.00 in compensatory damages.[2] (*Id.*)

Lil' Man alleges that the parties concluded a contract for the sale of the Queen of Seattle and seeks to enforce that contract. (*Id.* at 21.) Although the original asking price for the vessel was $250,000.00 (*id.* at 4), Lil' Man expresses concern that the vessel may not be able to receive a Certificate of Inspection ("COI"), which Lil' Man alleges is necessary for commercial use of the vessel (*id.* at 14 (alleging that the expiration of the

---

[1] The parties have agreed to a stipulated motion to stay these proceedings pending the outcome of an appeal of a related action. (Stip. Stay. Mot. (Dkt. # 23).) Lil' Man filed the related action in San Francisco County Superior Court, and Auk Ta Shaa removed it to the Northern District of California. *See Lil' Man in the Boat, Inc. v. Auk Ta Shaa Discovery, LLC*, No. 16 cv-01471-JST (N.D. Cal.), appeal docketed, No. 16-17299 (9th Cir. Dec. 21, 2016). That court dismissed the action for lack of personal jurisdiction, and Lil' Man appealed that dismissal to the Ninth Circuit. *See id.* Lil' Man previously moved for a stay without Auk Taa Shaa's stipulation. (Stay Mot. (Dkt. # 20).) The court strikes the unstipulated motion as moot and reserves consideration of the stipulated motion to stay until it confirms that it has subject matter jurisdiction to hear this action.

[2] Lil' Man also seeks "costs of suit," but the amount in controversy must be met "exclusive of interests and costs." 28 U.S.C. § 1332(b). Furthermore, Lil' Man has not prayed for fees or pleaded any basis to award fees. *See Armstrong Constr. Co. v. Thomson*, 390 P.2d 976, 979 (Wash. 1964) (limiting the bases for awards of attorney's fees in Washington to contractual provisions allowing for fee-shifting, statutory fee-shifting provisions, or recognized grounds of equity).

COI "may well make it difficult if not impossible to financially return the boat into [*sic*] operating conditions"), 15 (alleging that if Lil' Man "was to purchase the vessel and could not get a COI for it, it would become a liability to have it scrapped"), 18 (describing the allegedly unsatisfactory inspection of the vessel that took place on December 8th, 2015)). In light of these concerns, the parties allegedly agreed upon a purchase price of $12,500.00 for the vessel. (*Id.*, Ex. 3.)

### III. ANALYSIS

#### A. Legal Standards for the Amount in Controversy

Lil' Man invokes the court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. at 2.) Section 1332 provides that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332.

Although courts typically accept a plaintiff's alleged damages as *prima facie* evidence of the amount in controversy, this court has an obligation to confirm that it has subject matter jurisdiction over the case and to address the issue of jurisdiction *sua sponte* if necessary. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). In general, a plaintiff need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, *see Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986), unless it appears to a legal certainty that the plaintiff cannot recover that amount, *see First Nat'l Bank v. La. Highway Comm'n*, 264 U.S. 308, 310 (1924). The legal certainty test applies "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy

ORDER- 3

requirement." *Pachinger*, 802 F.2d at 364. If the plaintiff alleges a sum that will, as a legal certainty, fall below the jurisdictional threshold, then the court must dismiss the case. *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (adopting the "legal certainty" standard).

If the jurisdictional amount is challenged, then the party invoking the jurisdiction of the federal court has the burden to support its allegations through the submission of "summary-judgment type evidence relevant to the amount in controversy" as it existed at the time of filing. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996 (quoting *Hale v. Billups of Gonzales, Inc.*, 610 F. Supp. 162 (M.D. La. 1985)). The court questions whether the amount in controversy is met as measured by the value of the Queen of Seattle and the availability of compensatory damages for lost profits.

**B.     The Measure of Damages in Actions for Replevin**

In actions for declaratory or injunctive relief, the amount in controversy is the value of the object of the litigation. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In actions for replevin, the amount in controversy typically equals the replacement value of the disputed goods. *Stengel v. Black*, No. 03 Civil No. 0495 (GEL), 2004 WL 1933612, at *2 (S.D.N.Y. Aug. 30, 2004) (citing *Satterwhite v. Harriman Nat'l. Bank & Trust Co.*, 13 F. Supp. 493, 499 (S.D.N.Y.1935). Lil' Man effectively seeks a declaratory judgment compelling Auk Ta Shaa to transfer title to the Queen of Seattle upon full payment. (Compl. at 29.) Thus, the value of the Queen of Seattle appears to best reflect the amount in controversy. *Stengel*, 2004 WL 1933612, at *5.

ORDER- 4

As in *Stengel*, the court places significant weight on the arms-length negotiations between the parties in determining the value of the goods in question. *Id.* The parties allegedly negotiated a purchase price of $12,500.00 for the Queen of Seattle. (Compl. at 21.) This amount is well below this court's jurisdictional threshold. 28 U.S.C. § 1332(a). Thus, the court orders Lil' Man to explain how the Queen of Seattle's value supports an amount in controversy in excess of $75,000.00.

**C.     Damages for the Loss of Speculative or Conjectural Profits**

In the alternative to delivery of title to the queen of Seattle, Lil' Man seeks "general and compensatory damages in an amount of one million dollars." (Compl. at 29.) Although typically the court takes at face value alleged damages, the "mere assertion . . . is not enough where . . . the facts alleged do not even tend to support the claim." *First Nat'l Bank*, 264 U.S. at 310; *see also Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1096 (S.D. Cal. 2006) (dismissing for lack of jurisdiction where the plaintiff provided "damage values without any comment as to how he is entitled to these damages, or what connection these extremely large damages amounts have with the alleged claims"). Here, Lil' Man's allegations not only fail to support the claim that Lil' Man lost income as a result of Auk Ta Shaa's alleged repudiation, they suggest the opposite.

The complaint includes multiple references to the Queen of Seattle's lack of seaworthiness and suspected inability to receive a Certificate of Inspection. (*See, e.g.*, Compl. at 14-15, 18-19.) In order for lost profits to issue as damages, they cannot be "speculative, uncertain, or conjectural." *Tiegs v. Watts*, 954 P.2d 877, 886 (Wash. 1998).

Lil Man's allegations show that lost profits are contingent upon an uncertain and speculative event—the issuance of a COI for the Queen of Seattle. (Compl. at 19.)

In *Rasidescu*, the plaintiff alleged that the defendant's attempt to collect debt improperly affected the plaintiff's credit rating, costing the plaintiff a "very high paying position at $250,000.00/year." *Rasidescu*, 435 F. Supp. 2d at 1096. The plaintiff failed to provide any support for his ability to procure such a position but for his credit rating, and the court noted that any lost income would depend upon the "uncertain acts of a third party or the happening of an unlikely event that has not occurred, and is speculative at best." *Id.* The plaintiff amended his complaint by adding claims for fraud, alleging damages of $42,000,000.00. *Id.* at 1097. Again, the plaintiff failed to show any actual damages resulting from the fraud, a necessary element for recovery. *Id.* The court thus dismissed the case for lack of subject matter jurisdiction. *Id.* at 1098.

Lil' Man's negotiators expressed concerns regarding the risk that the Queen of Seattle might be a "paperweight," costing $250,000.00 for disposal, as opposed to a profit-generating commercial yacht. (Compl. at 18.) Like in *Rasidescu*, Lil' Man has not provided any support for the proposition that lost profits are not contingent upon the uncertain acts of a third party or the occurrence of an unlikely event. *See Rasidescu*, 435 F. Supp. 2d at 1096. Thus, the court orders Lil' Man to explain how the alleged repudiation could lead to lost profits that are not speculative or conjectural.

## IV. CONCLUSION

For the foregoing reasons, the court ORDERS Lil' Man to show cause concerning the amount in controversy within 10 days of the issuance of this order. If Lil' Man fails

to timely respond to this order, fails to provide summary-judgment type evidence establishing an adequate amount in controversy, or fails to provide some other basis for the court's exercise of subject matter jurisdiction, the court will dismiss this action without prejudice. Auk Ta Shaa may, but is not required to, respond to this order within the same period. Neither party's submission may exceed five (5) pages in length.

The court further STRIKES Lil' Man's unstipulated motion to stay (Dkt. # 20) as moot. *See supra* n.1. Finally, the court DIRECTS the Clerk to re-note the stipulated motion to stay the case (Dkt. # 23) for the same day that Lil' Man's response to this order to show cause is due. *See id.*

Dated this 24th day of April, 2017.

JAMES L. ROBART
United States District Judge